# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Sandy Perez, *on behalf of herself and all others similarly situated,* | : | Civil Action No.: _____ |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| PHH Mortgage, | : | **CLASS ACTION COMPLAINT** |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

For her Class Action Complaint, Plaintiff Sandy Perez, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Sandy Perez ("Plaintiff"), brings this class action for damages resulting from the illegal actions of PHH Mortgage ("PHH" or "Defendant").  Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.      PHH is a New Jersey-based "provider of mortgage services" which "operat[es] across the United States." *See* https://www.phhmortgage.com/13571 (last visited July 13, 2016). It claims to be the fifth largest originator of retail residential mortgages and the ninth largest mortgage servicer. *See id.*

3.      Plaintiff is not one of those individuals who has a mortgage serviced by PHH. Indeed, Plaintiff has no business relationship with PHH whatsoever.

4.      Nevertheless, for the last several years Plaintiff has received automated calls to her cellular telephone from PHH regarding some other unknown individual's mortgage.   Plaintiff did

not provide PHH her cell phone number or prior express consent to be contacted there.   Moreover, Plaintiff requested that PHH cease calling her on multiple occasions.   PHH ignored Plaintiff's requests and continued calling her.   She brings this lawsuit on behalf of herself and like-situated consumers for PHH's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff is and at all times mentioned herein was an individual person residing in Conyers, Georgia.

6.     PHH is a New Jersey corporation with an address of 1 Mortgage Way, Mount Laurel, New Jersey 08054.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8.     Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

9.     In the last four years, PHH placed automated telephone calls to Plaintiff on her cellular telephone at telephone number 404-XXX-9230 regarding another individual "Anna" who Plaintiff does not know.

10.     PHH called Plaintiff from telephone numbers 800-449-8767 and 877-387-9031.

11.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

12.     When Plaintiff answered the calls from PHH, she heard an extended period of silence – on some occasions for more than two minutes – before the calls would be routed to a

live agent.   This is indicative of PHH's use of a "predictive dialer," an autodialer under the TCPA.

13.     Plaintiff does have not a mortgage which is serviced by PHH.   In fact, Plaintiff has never done any business with PHH.   Plaintiff did not give her number to PHH or permit anyone else to do so.   Plaintiff did not provide prior express consent to PHH to autodial her cellular telephone.   Accordingly, the automated calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

14.     On the calls, PHH's agents represented to Plaintiff that they were attempting to reach "Anna."   Plaintiff advised PHH that she was not "Anna," that she did not know who "Anna" is, and requested that PHH cease calling her cell phone.   Plaintiff additionally advised PHH that she could not receive personal calls to her cellular telephone while she was at work during business hours.

15.     Nonetheless, PHH continued to place automated calls to Plaintiff's cell phone.

16.     Plaintiff was annoyed, frustrated, and inconvenienced by PHH's calls.   PHH's calls also distracted Plaintiff from her work.

17.     The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

### A.  The Class

19.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2)

3

and (b)(3) on behalf the following classes (the "Classes"):

> **TCPA Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PHH placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) where PHH did not have express consent to call said cellular telephone number.**

> **Willful/Knowing Violation Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PHH placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person had advised PHH to cease calling.**

20.    Plaintiff represents and is a member of the Classes.   Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

**B.   Numerosity**

21.    Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of PHH and the automated nature of the calls, Plaintiff reasonably believes that the Classes number in the thousands.

22.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

**C.   Common Questions of Law and Fact**

23.    There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.   These questions include:

> i.    Whether PHH engaged in a pattern of using an autodialer to place calls to

4

cellular phones;

    ii.    Whether PHH had prior express consent to place the calls; and

    iii.    Whether PHH willfully violated the TCPA.

24.    The common questions in this case are capable of having common answers. If Plaintiff's claim that PHH routinely places automated calls to telephone numbers assigned to cellular telephone services without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

25.    As a person who received automated telephone calls from PHH on her cellular phone without having given prior express consent, and who advised PHH to cease calling, Plaintiff asserts claims that are typical of the members of the Classes.

**E. Protecting the Interests of the Class Members**

26.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

27.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against PHH is small because it is not economically feasible for Class members to bring individual actions.

28.    Management of this class action is unlikely to present any difficulties. Courts

have routinely certified classes in TCPA actions.   These cases include, but are not limited to:

*Johnson v. Yahoo!, Inc.*, No. 14-2028, 2016 WL 25711, at *9 (N.D. Ill. Jan. 4, 2016); *Bee,*

*Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (granting TCPA class

certification and finding that "[w]ithout the prospect of a class action suit, corporations

balancing the costs and benefits of violating the TCPA are unlikely to be deterred because

individual claims will not impose the level of liability that would outweigh the potential benefits

of violating the statute"); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 400 (M.D.N.C.

2015); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 256 (N.D. Ill. 2014); *Lo v.*

*Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012); *Mitchem v. Ill.*

*Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL

2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D.

135 (N.D. Ill. 2009).

29.     Defendant has acted on grounds generally applicable to the Classes, thereby

making final injunctive relief and corresponding declaratory relief with respect to the Class

appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are

substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

30.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.     Plaintiff brings this claim on behalf of herself and the Classes.

32.     PHH made automated telephone calls to the wireless telephone number of

Plaintiff and the other Class members. These phone calls were made without the prior express

consent of Plaintiff or the other Class members and were not made for emergency purposes.

33.     PHH has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it

"unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

34.    Each of the aforementioned calls by PHH constitutes a violation of the TCPA.

35.    Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36.    Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

37.    Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    Plaintiff brings this claim on behalf of herself and the Class.

40.    PHH made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

41.    PHH has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

7

42.     Each of the aforementioned calls by PHH constitutes a willful violation of the TCPA.

43.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

44.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

45.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;

- Defendant knowingly and/or willfully obtained the telephone numbers of non-debtors;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so; and

- Defendant willfully disregarded non-customer consumers' requests for PHH to cease calling;

- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

A.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.   Declaratory relief as prayed for herein;

E.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: July 28, 2016                              Respectfully submitted,

                                    By:   */s/ Sofia Balile*_____
                                          Sofia Balile
                                          LEMBERG LAW, LLC
                                          43 Danbury Road
                                          Wilton, CT 06897
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          *Attorneys for Plaintiff*

9